# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| MEDICAL, INDUSTRIAL and SCIENTIFIC PRODUCTS, INC., | Case No. 1:21-cv-555 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| JORDAN MEDICAL GROUP, INC., et al, | |
| Defendants. | |

## ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

On August 26, 2021, Defendants removed this case from Hamilton County Common Pleas Court. (*See* Doc. 1). Following such removal, Plaintiff filed its Motion to Remand on September 14, 2021. (*See* Doc. 5). Thereafter, Plaintiff also filed a motion seeking emergency relief. (Doc. 10). Then, on April 11, 2022, Plaintiff's counsel filed a Motion to Withdraw (Doc. 14), which this Court granted. (Order Granting Motion to Withdraw as Counsel, Doc. 15.) In the Order Granting the Motion to Withdraw, this Court stayed the case for 30 days to allow Plaintiff to retain new counsel and set this matter for a telephonic status conference on June 1, 2022. (*Id.* at Pg. ID 225-26.)

No one appeared on behalf of Plaintiff at the telephonic status conference on June 1, 2022, nor had new counsel for Plaintiff entered an appearance on the record. (*See* Minute Entry, June 1, 2022.) Therefore, this Court ordered Plaintiff to show cause for why this matter should not be dismissed for failure to prosecute. (*See* Order to Show Cause,

Doc. 16.) Plaintiff was ordered to obtain counsel within thirty days. (*Id.* at Pg. Id 229.) The Court informed Plaintiff that failure to comply with the Order could result in dismissal of Plaintiff's claims. (*Id.*)

Plaintiff requested an extension of time on June 30, 2022. (Motion for Extension of Time, Doc. 18, Pg. ID 231.) The Court granted the extension and set the matter for a telephonic status conference on September 15, 2022. (Order Granting In Part Plaintiff's Motion for Extension of Time, Doc. 19, Pg. ID 232.) President of Medical, Industrial, and Scientific Products, Inc., Jose Rodriquez, attended the telephonic status conference and informed the Court that Plaintiff still had not obtained counsel. (*See* Minute Entry, September 15, 2022.) The Court gave Plaintiff one final two-week extension of time to obtain counsel. (*See id.*) The two-week extension has past, and no new counsel has entered an appearance on behalf of Plaintiff.

In short, Plaintiff has failed to comply with the Court's Order or otherwise move this case forward. It is well-settled that a corporate entity may not represent itself; it may only appear through an attorney. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Thus, Plaintiff cannot proceed pro se and must be represented by counsel in order to prosecute its claims.

District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). Because Plaintiff has failed to comply with the Court's order to obtain counsel, and therefore cannot move its case forward, Plaintiff's failure to comply

with the Court's Order warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. K-COR, LLC*, No. 3:14-CV-368, 2015 WL 10742767, at *1 (S.D. Ohio Nov. 13, 2015). Dismissal pursuant to Fed. R. Civ. P. 41(b) "operates as an adjudication on the merits."

Accordingly, Plaintiff's action is **DISMISSED WITH PREJUDICE**, pursuant to Fed. R. Civ. P. 41(b), due to Plaintiff's failure to prosecute or comply with this Court's Order (Doc. 16). Plaintiff's Motion to Remand (Doc. 5) and Emergency Motion for Hearing (Doc. 10) are **DENIED AS MOOT**. This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND